Shaw C. J.
delivered the opinion of the Court. The petitioner having been subjected to a fine, under the militia law, takes divers exceptions to the conviction, and prays for a writ of certiorari, to quash the proceedings. Upon notice to show cause, no appearance is entered for the respondent. The first objection is, that the captain of the company was admitted as a witness, though an exception was taken to his competency on the score of interest, he being, as alleged, entitled to a share of the penalty to he recovered. By the provisions'of the militia law, St. 1809, c. 108, § 37, the appropriation of the fine is thus made. The clerk shall retain to his own use, one fourth, and the residue he shall faithfully pay over to the commanding officer of the company. And it shall be the duty of every commanding officer of a company, to expend such part of the money as may be necessary for defraying such company expenses, as a majority of the commissioned officers , of the company shall judge to be necessary.
Under this clause, it has been held that a clerk is interested, and as such incompetent, except to a particular point in regard to which he is made competent by statute. Commonwealth v Paull, 4 Pick. 251.
But we think the statute places the commanding officer in a condition widely different from that of the clerk. The com manding officer is the mere purser or treasurer, to disburse the money for the expenses of the company. It is a mere trust. He receives nothing to his own use. This is confirmed by the marked distinction in the phraseology in the two clauses. By the first, one fourth is given to the clerk, who is to prosecute for the fine, and perform other onerous duties, and who, therefore, was intended by the legislature to be compensated for services. By the other, the three fourths are to be paid over to the commanding officer, from whom no services in relation to prosecutions for fines are required, and who upon no ground can be considered entitled to receive money by way of compensation, and who is to expend it to defray the expenses of the company. The inference is very strong, that he is to have no personal interest in the money. The words “ shall *363 expend such part of the money,” are relied on as warranting an implication that the other part is to be retained to his own use. But take the whole together, we think it cannot warrant this implication ; the words are “ such part of the money, for such expenses, (respectively,) as the commissioned officers shall judge necessary.” We think the meaning is the same as if the word “ respectively ” were added ; and then it would not be inconsistent with what seems to be the general effect of the whole provision, that all the money is to be expended for defraying' the expenses of the company, under such specific appropriations as the commissioned officers may make.
If it is said, that as a member of the company he has an interest, one answer is, that it does not appear, that the expenses contemplated to be paid from this fund, are such as would be assessed upon the members of the company, or upon the officers, if this fund did not exist. No law provides for any such assessment. They may rather be considered expenses for music, equipments and other accommodations, which, without the aid of such fund, they would not enjoy. As a member of the company, therefore, the commanding officer has no pecuniary interest to disqualify him ; and on both grounds we are of opinion that he is a competent witness.
Another and more serious objection is, that the clerk, who was the prosecuting officer, was not qualified according to law.
The clerk of a company is invested with great powers ; he alone is authorized to prosecute for most of the penalties. Unless therefore the prosecutor can show that he is duly qualified and authorized to act in the character of clerk, he is not entitled to recover the penalty.
By the 8th section of the statute it is provided, that to every company there shall be a clerk, who shall be one of the sergeants, and he shall be appointed by the captain, and on the back of his warrant as sergeant, the captain or commanding officer shall in writing certify, that he does thereby appoint him to be clerk of the company. He is also to be sworn, and a certificate of his oath indorsed on his warrant as sergeant.
In order then to be qualified as a clerk, he must first be duly qualified as sergeant, and have a warrant as such.
The same statute provides, § 4, that all non-conmissioned *364 officers are to be appointed by the captains of their respective companies, who shall make return thereof to the commanding officer of their respective regiments or battalions, and they shall grant them warrants accordingly.[1]
The warrant is this officer’s commission, or the authentic evidence of his title to the office, which he claims to hold. The objection to the warrant in the present case is, that it does not appear that it was granted and signed by the colonel himself, but by another officer in his behalf. This presents the question, whether -this authority can be delegated by the commanding officer ; and we are of opinion that it cannot. There is an act to be done by the commanding officer which implies, to a greater or less extent, the exercise of judgment and discretion. He is at least to take notice and determine, that the officer who makes the appointment is duly qualified to appoint, and that the proceedings have been regularly conducted. The word “grant ” implies the exercise of such judgment, and we think it is a power which cannot be delegated, by one general direction to another officer.
The Court do not mean to say, that when the commanding officer of the regiment has received the return by which the sergeant is appointed and determined to grant the required warrant, he cannot authorize another person to sign the warrant for him. Important powers are vested in the clerk ; he is to note all delinquencies ; enter and prosecute suits for all breaches of duty ; he has a pecuniary interest in his office, and is charged with a trust for others ; and it is an office there fore equally important in a civil and military point of view. From the terms of the law, and the nature of the subject, we are of opinion, that it was the intention of the legislature that the sergeant’s warrant, which is the foundation of the clerk’s title to office, should pass under the observation and receive the sanction of the superior officer ; that it is a personal duty and trust, which cannot be transferred to another by a previous general delegation of authority, and therefore that each warrant must be acted upon by the commanding officer, and signed by liimself, or by some person by his specific direction. As *365 this appears not to have been done' in the present case, we think the prosecutor has not shown himself entitled to the office, in virtue of which alone he can maintain this prosecution.

Writ of certiorari ordered.

 See Rev. Stat. c. 12, § 50, 51.